United States District Court
Southern District of Texas
**ENTERED**
July 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Marqueta S. Curry and Shaheedah Ellis, | § § § § | |
| *Plaintiffs,* | § § | Case No. 4:21-cv-02800 |
| v. | § § § | |
| Anthony Valentin and VIP Freight, Inc., | § § § | |
| *Defendants.* | | |

# MEMORANDUM AND RECOMMENDATION

In this personal injury action, the parties have filed cross-motions for summary judgment that dispute whether the claims asserted by Plaintiffs Marqueta S. Curry and Shaheedah Ellis ("Plaintiffs") are time-barred as a matter of law. Dkts. 4 & 8. After carefully considering the parties' motions, *id.*, response, Dkt. 8, supplement, Dkt. 15, reply, Dkt. 20, and the applicable law, the Court concludes that Plaintiffs' suit is barred by the statute of limitations. It is therefore recommended that the Court deny Plaintiffs' motion for partial summary judgment, grant the motion for summary judgment filed by Defendants Anthony Valentin and VIP Freight, Inc. ("Defendants"), and enter a take nothing judgment on Plaintiffs' claims.

## Background

On July 10, 2019, Plaintiffs were involved in a car accident while driving on I-10 in Harris County. Dkt. 1-1 at 4. According to their allegations, Defendant Anthony Valentin, a driver for Defendant VIP Freight, improperly merged into Plaintiffs' lane, collided with their car, and injured Plaintiffs. *Id.*

In March of 2020, the United States was struck by the COVID-19 Pandemic. On March 13, 2020, the same day that Governor Greg Abbot issued a disaster declaration, the Texas Supreme Court issued its first emergency order. *See* Misc. Docket No. 20-9042, 596 S.W.3d 265 (Tex. 2020) (hereinafter "Emergency Order One").[1] In that order, the Court declared that "[a]ll courts in Texas may extend the statute of limitations in any civil case for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted." *Id.* Since then, the Court has issued more than fifty Emergency Orders modifying procedures and extending deadlines, most recently on June 20, 2022. *See, e.g.*, Emergency Order Fifty-Three, Misc. Docket No. 22-9049 (Tex. June 20, 2022).

In the interim, Plaintiffs filed this suit on July 30, 2021, two years and twenty days after their alleged injury occurred. Dkt. 1-1 at 1. Before

---

[1] Each subsequent emergency order will be referenced as "Emergency Order [the number of the order]." Collectively, they will be called the "Emergency Orders."

2

removing the suit to this Court, Defendants raised the affirmative defense of limitations. *See* Dkt. 4-6 at 3; Dkt. 1 at 1.

Plaintiffs have moved for partial summary judgment on Defendants' limitations defense, asserting that their petition was timely as a matter of law. *See* Dkt. 4 at 1. Defendants have responded and cross-moved for summary judgment, or in the alternative, requested dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 8.

## **Standard of Review**

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue that it tends to resolve "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (citing *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, the court must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *See Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted). Cross-motions must

be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538-39 (5th Cir. 2004) (citing 10a Charles A. Wright, Arthur R. Miller & Mary K. Kane, Fed. Prac. and Proc. § 2720 (3d ed. 1998)).

## Analysis

I. **Texas's COVID-19 Emergency Orders Did Not Categorically Suspend the Running of Limitations for Plaintiffs' Claims.**

Plaintiffs agree that their claim accrued on the date of the accident—July 10, 2019. Dkt. 4 ¶ 2. The relevant statute of limitations thus expired two years later, on July 10, 2021. Tex. Civ. Prac. & Rem. Code § 16.003. But Plaintiffs waited twenty days beyond that date to file this suit. Dkt. 1-1 at 1.

Instead, Plaintiffs maintain that the Texas Supreme Court's intervening Emergency Orders—particularly Emergency Order Eight—halted the running of all statutes of limitations for an interim, eighty-day period from March 13, 2020 to June 1, 2020. Dkt. 4 ¶¶ 32-37. Defendants, however, respond that the Emergency Orders merely extended filing deadlines that fall within a specified window, rather than tolling all limitations periods no matter when those periods expire. Dkt. 8 ¶¶ 2-7. After analyzing the Emergency Orders, including by applying canons of statutory interpretation, the Court concludes that Plaintiffs' suit is time-barred, as a matter of law.

4

### A. The Emergency Orders, by their terms, did not suspend the limitations period for Plaintiffs' claims.

The analysis turns on the Emergency Orders themselves, beginning with Emergency Order One, issued on March 13, 2020. 596 S.W.3d at 265. That initial Emergency Order did not extend the statute of limitations for any civil action. Instead, it stated that "[a]ll courts in Texas may extend the statute of limitations in any civil case for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted." *Id.* This pronouncement reflects the Court's view that its authority under Texas Government Code § 22.0035(b) permitted it to modify substantive time periods—like statutes of limitations—established by the Texas Legislature. Because Defendants do not question the Texas Supreme Court's interpretation of Section 22.035(b), the Court does not do so either.[2]

---

[2] It is not altogether clear whether Section 22.0035(b) permits the Texas Supreme Court to modify statutes of limitations. That provision allows the Court to "suspend or modify *procedures* for the conduct of any court proceeding" during a declared disaster. Tex. Govt. Code Ann. § 22.0035(b) (emphasis added). But statutory limitations periods are characterized as substantive. *See Guar. Trust v. York*, 326 U.S. 99, 110 (1945). And the Texas Court of Criminal Appeals recently concluded that Section 22.0035(b) does not allow courts to alter substantive rights. *See In re State ex rel. Ogg*, 618 S.W.3d 361, 364-65 (Tex. Crim. App. 2021) ("On their faces, neither Section 22.035(b) nor the Emergency Order [Seventeen] purport to authorize courts to modify substantive rights. Both the statute and the order address procedural matters ...."); *id.* at 366 (conditionally granting mandamus relief; holding that "the Emergency Order did not confer upon the trial court the authority to conduct a bench trial without the State's consent"); *see also Ex Parte K.W.*, 2022 WL 1492883, at *8 (Tex. App.—Corpus Christi May 12, 2022, no pet.) (holding that Emergency Order Twelve did not suspend detainment and release deadlines in Tex. Crim. Proc. Code Ann. art. 17.151).

Not until April 1, 2020 did the Texas Supreme Court undertake to alter filing deadlines—by issuing Emergency Order Eight. Misc. Docket No. 20-9051, 597 S.W.3d 844, 844 (Tex. 2020). Emergency Order Eight expressly amended paragraph 3 of Emergency Order One to state that "[a]ny deadline for the filing or service of any civil case is tolled from March 13, 2020, until June 1, 2020, unless extended by the Chief Justice of the Supreme Court." *Id.*

Plaintiffs fixate on the word "tolled" to assert that Emergency Order Eight categorically stopped the running of all limitations periods from March 13 to June 1, 2020. Dkt. 4 ¶¶ 35-37. In their view, the word "tolled" is a term of art that applies almost exclusively to statutes of limitations. *See* Black's Law Dictionary, *Toll* (11th ed. 2019) ("(Of a time period, esp. a statutory one) to stop the running of; to abate <toll the limitations period>").

But as Defendants note, Dkt. 8 ¶¶ 30-32, the Texas Supreme Court chose not to use the term "statute of limitations" in Emergency Order Eight—despite explicitly referencing statutes of limitations in Emergency Order One. *Compare* Emergency Order Eight, 597 S.W.3d at 844 (para. 3), *with* Emergency Order One, 596 S.W.3d at 265 (para. 3). Moreover, paragraph 3 of Emergency Order Eight addresses deadlines for "*service* of any civil case"—not just the deadlines for *filing* such a case. 597 S.W.3d at 844 (emphasis added). Thus, the use of the word "tolled" in Emergency Order Eight does not explicitly and

6

unambiguously reflect an intent to stop all limitations periods from running between March 13 and June 1, 2020.

Regardless, Plaintiffs' position that all limitations periods were suspended for the prescribed 80-day period cannot be squared with subsequent Emergency Orders issued before this suit was filed. Less than a month after issuing Emergency Order Eight, the Texas Supreme Court "clarified and amended" it on April 26, 2020, by issuing Emergency Order Twelve. *See* Misc. Docket No. 20-9059, 629 S.W.3d 144, 144 (Tex. 2020). Emergency Order Twelve included new language authorizing—but not requiring—courts to "[m]odify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order ... for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted ...." *Id.* (paragraph 3(a)).

Most pertinent here, Emergency Order Twelve also modified the third paragraph of Emergency Order Eight, replacing it to state, in key part:

> Any deadline for filing or service of any civil case that falls on a day between March 13, 2020 and June 1, 2020, is extended until July 15, 2020.

*Id.* (para. 5). On its face, Emergency Order Twelve makes clear which deadlines are mandatorily extended, and how. Only those deadlines falling *within* the specified dates—March 13 to June 1, 2020—are affected. And those specific deadlines, alone, are extended until July 15, 2020. The Court

7

conspicuously omitted any reference to "toll[ing]" any deadline. *Compare id.*, *with* Emergency Order Eight, 597 S.W.3d at 844 (para. 3).

Indeed, the remaining Emergency Orders renewed this clarification from Emergency Order Twelve. Emergency Order Seventeen extended filing deadlines falling between March 13, 2020 and July 1, 2020 to August 15, 2020. Misc. Dkt. No. 20-9071, 609 S.W.3d 119, 120-22 (Tex. 2020) (paras. 2 & 11). Emergency Order Eighteen added a month to that window, specifying that deadlines between March 13, 2020 and August 1, 2020 are pushed until September 15, 2020. Misc. Dkt. No. 20-9080, 609 S.W.3d 122, 124 (Tex. June 29, 2020) (para. 11). That window was further expanded in Emergency Order Twenty-One, which extended deadlines falling between March 13, 2020 and September 1, 2020, to September 15, 2020. Misc. Dkt. No. 20-9091, 609 S.W.3d 128, 129 (Tex. 2020).

Like Emergency Order Eight, none of these subsequent Emergency Orders automatically suspends *all* limitations periods, regardless of where the deadlines fall. Instead, those (and other ensuing) Emergency Orders give courts *discretion* to "modify or suspend any and all deadlines and procedures," including statutory limitations periods. *See* Emergency Order Seventeen, 609 S.W.3d at 120 (authorizing such modification or extension "for a stated period ending no later than September 30, 2020"); Emergency Order Eighteen, 609 S.W.3d at 122-23 (same); Emergency Order Twenty-Two, Misc. Docket

No. 20-9095, 609 S.W.3d 129, 129 (Tex. 2020) (Aug. 6, 2020) (same); Emergency Order Twenty-Nine, Misc. Docket No. 20-9135, 629 S.W.3d 863, 863 (Tex. 2020) (Nov. 11, 2020) (extending period to Feb. 1, 2021); Emergency Order Thirty-Three, Misc. Docket No. 21-9004, 629 S.W.3d 179, 179-80 (Tex. 2021) (Jan. 14, 2021) (extending period to Apr. 1, 2021); Emergency Order Thirty-Six, Misc. Docket No. 21-9026, 629 S.W.3d 897, 897 (Tex. 2021) (Mar. 5, 2021) (extending period until June 1, 2021); Emergency Order Thirty-Eight, Misc. Docket No. 21-9060, 629 S.W.3d 900, 900 (Tex. 2021) (May 26, 2021) (extending period to Aug. 1, 2021); Emergency Order Forty, Misc. Docket No. 21-9079, 629 S.W.3d 911, 912 (Tex. 2021) (July 18, 2021) (extending period to Oct. 1, 2021).

In short, a review of the Emergency Orders indicates that Emergency Order Eight did not categorically suspend all statutes of limitations for an eighty-day period, either by its plain terms or as clarified in subsequent Emergency Orders. Instead, they merely pushed the filing deadline of cases falling *between* March 13, 2020 to July 1, 2020 (or, as later modified, August 1, 2020) to a later, specified date.

### B. The parties' case law is inapposite.

The parties cite three cases that construe certain Emergency Orders. Dkt. 4 ¶¶ 22-31 (citing *Argueta v. City of Galveston*, 2021 WL 137664 (S.D. Tex. Jan. 14, 2021); *Allen v. Sherman Operating Co., LLC*, 520 F. Supp. 3d 854 (E.D. Tex. 2021)); Dkt. 8 ¶¶ 56, 57 (discussing *Simon v. Roche Diagnostics Corp.*,

2020 WL 9457065, at *2 (S.D. Tex. Dec. 7, 2020), *aff'd*, 851 F. App'x 553, 534 (5th Cir. 2021) (per curiam)). Those cases neither support nor negate the parties' contentions concerning the timeliness of this suit.

Both in *Allen* and *Argueta*, the plaintiffs' filing deadlines fell within the time period specified by certain Emergency Orders discussed above. *See Allen*, 520 F. Supp. 3d at 865 (noting that "Mr. Allen attempted to assert his claim in federal court on August 27, 2020, before Emergency Order 18's deadline"); *Argueta*, 2021 WL 137664, at *2 (noting that "plaintiffs' filing deadline fell on a day between [Emergency Order Twenty-One's] March 13th and September 1st range"). Pursuant to those Emergency Orders, the courts held that the deadlines were deferred to the date prescribed in those orders. *Allen*, 520 F. Supp. 3d at 859, 861, 872 (holding that the Emergency Orders' modification of deadlines is substantive under *Erie* and granting plaintiff leave to assert a cause of action for loss of household services); *Argueta*, 2021 WL 137664, at *1-2 (denying motion to dismiss plaintiffs' suit under 42 U.S.C. § 1983, which borrowed Texas's two-year limitations period, based on the September 15, 2020 deadline in Emergency Order Twenty-One). Neither case presents a situation analogous to this case, where Plaintiffs have invoked the Emergency Orders to

10

extend a limitations deadline that falls outside the periods for which those Orders prescribe a specific filing date.³

For similar reasons, Defendants' reliance on *Simon* is misplaced. Like *Allen* and *Argueta*, the *Simons* court addressed a suit with a limitations deadline that fell within a window prescribed in a particular Emergency Order—specifically, Emergency Order Twenty-One. *Simon*, 2020 WL 9457065, at *2 (citing Emergency Order Twenty-One, 609 S.W.3d at 129, which "extended the deadline on any statues of limitations that were to expire between March 13, 2020 and September 1, 2020 to September 15, 2020" and specified a filing deadline of September 15, 2020). The dispute was whether plaintiffs' claim had accrued less than two years before suit was filed, based on the discovery rule. *Id.* at *2-3 (rejecting discovery rule). The *Simon* plaintiffs had not contended that any Emergency Order *tolled* limitations. *See* Plaintiffs' Response to Defendant Roche Diagnostics Corporations' Motion to Dismiss at 1-3, *Simon v. Roche Diagnostics Corp.*, No. 4:20-cv-3625, 2020 WL 9457065

---

³ Plaintiffs' insinuation that the Emergency Orders, as addressed in *Allen and Argueta*, categorically "extend the statute of limitations through October 1, 2021" is flatly wrong. Dkt. 4 ¶ 31. As noted *supra*, Part I.A, Emergency Orders Twenty-Two, Twenty-Six, Twenty-Nine, Thirty-Three, Thirty-Eight, and Forty merely *authorize* courts to extend deadlines to a specific date, the latest of those dates being October 1, 2021. *See* Emergency Order Forty, 629 S.W.3d at 912. That language contrasts starkly with Emergency Orders Twelve, Seventeen, and Twenty-One, which expressly and automatically extend deadlines falling within a prescribed timeframe. *See, e.g.*, Emergency Order Twelve, 629 S.W.3d at 144.

11

(S.D. Tex. Dec. 7, 2020), Dkt. 60. Nothing in *Simon* sheds light on how Emergency Order Eight affects the timeliness of this case.

### C. Principles of statutory construction negate Plaintiffs' interpretation of the Emergency Orders.

Although the *Allen* decision does not control, its reference to certain canons of statutory interpretation nonetheless provides useful guidance for construing the Emergency Orders. *See Allen*, 520 F. Supp. 3d at 864-65 (applying various canons to determine that Emergency Orders Eighteen and Twenty-One extended substantive deadlines). Those canons further undercut Plaintiffs' position that Emergency Order Eight—or any ensuing Emergency Order—categorically tolled limitations.

One fundamental principle presumes that every word in a statute has meaning, "and withholding of terms within a statute is taken to be intentional ...." *Id.* at 864 (quoting *U.S. Chamber of Com. v. U.S. Dep't of Labor*, 885 F.3d 360, 381 (5th Cir. 2018)). Applied to this context, the Texas Supreme Court omitted reference to "statutes of limitations" from Emergency Order Eight, despite explicitly using that phrase in Emergency Order One. The absence of that reference is presumptively intentional.

A second principle is the doctrine *in pari materia*. That canon requires construing all acts on the same subject together; "if it can be gathered from a subsequent statute, *in pari materia*, what meaning the Legislature attached

to the words of the former statute, this will amount to a legislative declaration of its meaning." *Allen*, 520 F. Supp. 3d at 854 (quoting *Cannon's Adm'r v. Vaughan*, 12 Tex. 399, 402 (1854)). The Texas Supreme Court declared just that through Emergency Orders that clarified and amended Emergency Order Eight. Starting with Emergency Order Twelve, the Court made clear its limited intent to extend only those deadlines falling within a bounded, specified timeframe. And as the later enactments on the same subject, Emergency Order Twelve and its progeny control. *See, e.g., Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 143 (2000) ("[A] specific policy embodied in a later federal statute should control our construction of the earlier statute ....") (internal quotation marks and alteration omitted).

Plaintiffs' position that Emergency Order Eight's reference to tolling somehow survives the contrary language in Emergency Order Twelve is untenable. If Emergency Order Eight truly suspended limitations periods between March 13 and June 1, 2020, then a suit with a statutory filing deadline of March 13, 2020 must be filed by June 1, 2020 (eighty days after March 13). Moreover, a suit with a limitations deadline of May 30, 2020 could be filed as late as August 18, 2020 (eighty days after May 30). But Emergency Order Twelve explicitly alters the deadlines for both of these examples, specifying that both are timely if filed no later than July 15, 2020. 629 S.W.3d at 144.

This conflict underscores that Emergency Order Twelve supersedes any claimed, blanket tolling of limitations in Emergency Order Eight.

Plaintiffs' interpretation of Emergency Order Eight also carries troubling consequences. The enabling statute permits courts to modify or suspend procedures for "any court proceeding affected by a disaster," but *only* "*during the pendency of a disaster* declared by the governor." Tex. Govt. Code Ann. § 22.0035(b) (emphasis added). Although the Governor's disaster declaration remains in effect as of the date of this opinion, that could change tomorrow. Under Plaintiffs' view, however, even causes of action with longer, four-year statutes of limitations (like fraud, Tex. Civ. Prac. & Rem. Code § 16.004(a)(4)) would be tolled under Emergency Order Eight. Those plaintiffs could then invoke prior (yet defunct) Emergency Orders to circumvent statutory limitations periods years down the road, perhaps long after the disaster declaration has terminated and the COVID-19 pandemic has ended. This is not a plausible reading of the Emergency Orders, particularly in light of the narrow language in Emergency Order Twelve and its progeny.

Finally, if the Texas Supreme Court truly intended to suspend all limitations periods, as Plaintiffs insist, it could have used more explicit language—as other state courts did. *See, e.g.*, *Ceriani v. Dionysus, Inc.*, 2022 WL 1185896, at *2 (E.D. Va. Apr. 20, 2022) (quoting Supreme Court of

14

Virginia's COVID-19 emergency order,[4] which explicitly "'tolled and extended'" "'all applicable deadlines, time schedules and filing requirements, *including any applicable statute of limitations* which would otherwise run during the period this order is in effect'") (emphasis added); *In the Matter of Admin. R.17 Emergency Relief For Ind. Trial Courts Relating to the 2019 Novel Coronavirus (COVID-19)*, 141 N.E. 3d 389 (Ind. 2020) ("tolls all laws, rules, and procedures setting time limits for speedy trials in criminal and juvenile proceedings, public health, mental health, and appellate matters; all judgments, support, and other orders; statutes of limitations"); *Order Imposing Statewide Judiciary Restricted Operations Due to COVID-19 Emergency*,[5] Mar. 18, 2020 (Kan. Mar. 18, 2020) ("all statutes of limitations and statutory time standards or deadlines applying to the conduct or processing of judicial proceedings is suspended until further order"). The Texas Supreme Court declined to use such language—opting instead to clarify that filing deadlines are extended only for certain cases falling within a specific window. The Court thus concludes that the Emergency Orders did not toll the limitations period for Plaintiffs' suit.

---

[4] *In re: Order Extending Decl. of Jud. Emergency in Response to COVID-19 Emergency Declaring a Judicial Emergency in Response to COVID-19 Emergency* (Va. Mar. 27, 2020), *available at* https://www.vacourts.gov/news/items/2020_0327_scv_order_extending_declaration_of_judicial_emergency.pdf.

[5] Available at https://www.kscourts.org/KSCourts/media/KsCourts/Orders/2020-PR-016.pdf.

## II. The Court Should Decline to Exercise its Discretion to Extend the Limitations Period.

Emergency Order Forty does grant the Court discretion to "modify or suspend" statutory deadlines "for a stated period ending no later than October 1, 2021." 629 S.W.3d at 912 (issued July 19, 2021). Despite acknowledging this language, *see* Dkt. 4 ¶ 20, Plaintiffs have articulated no reason why such an extension would be appropriate here. They have not asserted, much less shown, that any specific COVID-19-related challenges caused them to file suit twenty days beyond the July 10, 2021 limitations deadline. That omission means that Plaintiffs have failed to raise a genuine issue of material fact sufficient to overcome Defendants' limitations defense.

Moreover, Emergency Order Twelve was issued long ago, on April 27, 2020. Dkt. 1-1 at 1; *see* Emergency Order Twelve, 629 S.W.3d at 144. The plain text of Emergency Order Twelve, as well as subsequent Emergency Orders Seventeen, Eighteen, Twenty-One, gave Plaintiffs ample notice that only those deadlines within the specified window were automatically extended—and even then, only until September 15, 2020, at the latest. *See id.* (extending deadlines falling between Mar. 13, 2020 and June 1, 2020 to July 15, 2020); Emergency Order Seventeen, 609 S.W.3d at 120-22 (extending filing deadlines falling between March 13, 2020 and July 1, 2020 to August 15, 2020); Emergency Order Eighteen, 609 S.W.3d at 124 (pushing deadlines falling

16

between March 13, 2020 and August 1, 2020 to September 15, 2020); Emergency Order Twenty-One, 609 S.W.3d at 129 (renewing those deadlines). That period expired more than ten months before Plaintiffs filed this suit on July 30, 2021. *See* Dkt. 1-1 at 1.

Nothing in the record warrants exercising this Court's discretion to forgive Plaintiffs' tardy filing. Accordingly, this Court should conclude that Plaintiffs' suit is untimely, grant Defendants' motion for summary judgment, deny Plaintiffs' cross-motion on the limitations defense, and enter a take-nothing judgment on Plaintiffs' claims.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiffs' motion for partial summary judgment (Dkt. 4) and **GRANT** Defendants' motion for summary judgment (Dkt. 8) on Defendants' statute-of-limitations defense.

It is further **RECOMMENDED** that the Court enter a separate, take-nothing **JUDGMENT** on Plaintiffs' claims, pursuant to Fed. R. Civ. P. 58(a).

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for**

**plain error.** ***Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 11, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge